UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2022
```

VIMARY GINORIO,

        Plaintiff,

    -against-                            No. 22-cv-00650 (CM)

KENCO REALTY MANAGEMENT CORP.
and KENNETH GERSTENFELD,

        Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

McMahon, J.:

    Plaintiff filed this Fair Labor Standards Act action on January 25, 2022, against Kenco Realty Management Corp. ("Kenco Realty") and its owner Kenneth Gerstenfeld. The complaint seeks unpaid overtime wages and liquidated damages, together with interest, costs and attorneys' fees. (*See* Dkt. No. 1).

    Plaintiff is a New York resident who was employed by the Defendants from 2009 until January 18, 2022. (*Id.* ¶¶5, 12). Defendant Kenneth Gerstenfeld is a resident of New York who owns and manages Defendant Kenco Realty, a New York real estate management business; Gerstenfeld was allegedly responsible for the business decisions of Kenco Realty and controlled the terms and conditions of Plaintiff's employment. (*Id.* ¶¶26-27). Plaintiff's duties for the Defendants included processing applications from prospective residents, drafting leases, showing apartments for prospective residents, cleaning vacant apartments, responding to concerns, complaints and needs of residents, and worked with exterminators. (*Id.* ¶¶9, 19-22).

    Plaintiff alleges that she kept regular hours of forty-one (41) hours per week but, in addition, was required to "remain[] on-call during her off-hours to address the concerns, complaints and needs of residents in a apartment building." (*Id.* ¶¶19-20). She estimates she spent about two hours extra per week addressing concerns, complaints and resident needs in the apartments and would have to clean vacant apartments or meet the exterminator on Saturdays beyond her usual work schedule. (*Id.* ¶¶22-24). She claims she was not properly compensated wages at the overtime wage rate for hours worked over 40 hours in a workweek. (*Id.* ¶28).

    Defendants moved to dismiss on February 14, 2022, pursuant to Fed. R. Civ. P. 12(b)(1). (*See* Dkt. No. 9). They argued that the Court lacks subject matter jurisdiction over the matter because Defendants are not subject to the FLSA. They assert that the New York realty company "do[es] not engage in interstate commerce," and allege that its gross revenue is less than the

$500,000 statutory minimum required to render an enterprise a "covered entity" under the FLSA. Defendants submit Kenco Realty's 2016-2020 tax returns as proof of gross revenue. (*See* Dkt. Nos. 1-2 through 1-6). As diversity jurisdiction is lacking, Defendants asks the court to dismiss the complaint. (Dkt. No. 10, ¶¶16-17).

Defendants' motion is denied because they are incorrect in their surmise that the court lacks subject matter jurisdiction over this action. While Defendants have asserted that Kenco Realty did not meet the $500,000 minimum jurisdictional threshold that subjects an employer to the FLSA – *see* 29 U.S.C. § 203 – and offer evidence, in the form of tax returns, to support their claim, the $500,000 minimum gross revenue threshold is an issue of fact that goes to the merits of Plaintiff's claim. It is not a jurisdictional fact amenable to adjudication on a motion pursuant to Rule 12(b)(1) motion. "'Virtually all of the circuit courts and those district courts in the Second Circuit that have explicitly considered whether the FLSA's $500,000 requirement is jurisdictional agree that it is a requirement that goes to the merits of a claim and is not jurisdictional.'" *Salustio v. 106 Columbia Deli Corp.*, 264 F.Supp.3d 540, 550 (S.D.N.Y. 2017) (quoting *Angel v. Harvest C–Food Inc.*, 2015 WL 7288644, at *2 (S.D.N.Y. Nov. 16, 2015) (collecting cases)). "Thus, 'any failure to prove that [an employer] earns $500,000 or more in gross annual sales would not divest the Court of subject matter jurisdiction. Instead, it would simply mean that plaintiff[ has] failed to meet [her] burden of proof on [her] FLSA-based claims.'" *Id.* (quoting *Angel*, 2015 WL 7288644, at *3). Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(1) is denied.[1] I note that this fact issue cannot be resolved on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) either; at best it would need to be addressed on a motion for summary judgment.

In light of Defendants' assertions and evidence about Kenco Realty's gross revenues, Plaintiff proposes to amend her complaint to allege that Defendant Gerstenfeld's various enterprises constitute a "single enterprise" for FLSA purposes. As part of her opposition to the motion to dismiss, she seeks leave to amend and attached a proposed complaint.

Plaintiff does not need to move for leave to amend her complaint to assert her joint enterprise claim. Fed. R. Civ. P. 15(a)(1) gives her the right to amend as a matter of course (*i.e.*, without leave of the court) within "21 days after service of a motion under Rule 12(b) . . ." Fed. R. Civ. P. 15(a)(1)(B). Having filed an amended complaint within 21 days after service of Defendants' motion pursuant to Rule 12(b)(1) – albeit as an exhibit to her opposition to that motion – the court is obliged to allow the amendment, and I do. Plaintiff should detach her proposed complaint from her motion papers and file it separately as the First Amended Complaint.

I have no doubt where we are headed – straight into a motion to dismiss or for summary judgment on the ground that the various Gerstenfeld entities cannot be deemed a "single enterprise" under the familiar formula for determining that question. *See Gordon v. Gen. Prop. Mgmt. Assocs., Inc.*, 496 F. Supp. 3d 830, 838 (S.D.N.Y. Oct. 22, 2020). To that end, the parties are directed to appear for a scheduling conference on Tuesday, March 29 at 10:00AM, by telephone at 1 (888) 363-4749, Access Code: 9054506.

---

[1] Likewise, plaintiff's assertion that Kenco Realty engaged in interstate commerce and Kenco Realty's denial of the same presents a merits question not a jurisdictional question – and not one that can be disposed of on a Rule 12(b)(6) motion to dismiss.

The motion to dismiss for lack of subject matter jurisdiction is denied; the motion for leave to amend is granted, although it was not necessary. The clerk is directed to close the motions at docket numbers 9 and 11.

This constitutes a written opinion.

Dated: March 18, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL